UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADAM M. FIRKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11 CV 311 |
| | ) |
| CITY OF FORT WAYNE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

I. BACKGROUND

Plaintiff Adam M. Firks alleges that in February of 2011, he submitted an employment application to the Fort Wayne Police Department (the "Department"). (DE # 1 ¶ 13.) Thereafter, he and the Department entered into an agreement entitled "Conditional Offer of Probationary Employment" (the "Offer"). (*Id.* ¶ 14.) The Offer states that "the applicant must meet the terms listed below and conditions before being hired by this department. A final offer of employment will be extended to you only after you have satisfied all the requirements established by the Fort Wayne Police Department." (*Id.* at 12, Ex. A.) One of the conditions listed in the Offer is "[s]uccessful completion of Board of Safety interview." (*Id.*) The Offer states: "[T]his offer shall be immediately withdrawn upon the applicant's failure to meet any one of the above terms and conditions." (*Id.*)

Plaintiff alleges that he participated in an interview with two members of the Board of Safety: Frank Casagrande and Sharon Peters. (*Id.* ¶ 16.) He further alleges that

after the interview, he was notified by Police Chief Rusty York and/or Lieutenant Matthew Enyart that plaintiff was not accepted as a member of the Spring 2012 Police Academy. (*Id.* ¶¶ 18, 25.) Plaintiff alleges that he was not accepted because there was animus between his father, a career officer in the Department, and Chief York. (*Id.* ¶¶ 21-23.)

Plaintiff sued the City of Fort Wayne, Casagrande, Peters, York, and Enyart (referred to herein collectively as "the City"), alleging deprivation of due process and breach of contract. (DE # 1.) Defendants have now moved for summary judgment on all claims, arguing that they properly decided not to hire plaintiff because, based on his Board of Safety interview, he was a poor candidate lacking motivation. (DE # 23 at 5.) Defendants further contend that plaintiff's due process claim fails because plaintiff lacks a valid property interest in future employment, and that plaintiff's contract claim fails because plaintiff failed to meet one of the conditions in the contract, namely, successful completion of the Board of Safety interview. (*Id.*) Plaintiff responded (DE # 24), and defendant replied (DE # 28) and moved to strike material from a number of plaintiff's supporting affidavits (DE # 26). The motions are now ripe for ruling. For the reasons set forth below, the motion for summary judgment is granted, and the motion to strike is denied as moot.

II.   **LEGAL STANDARD**

Defendants have moved for summary judgment. FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for

2

discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC*

*Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998). Importantly, the court is "not required to draw *every* conceivable inference from the record [in favor of the non-movant]-only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M., v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (emphasis added).

## III. DISCUSSION

### A. Plaintiff's Due Process Claim

Plaintiff has sued under 42 U.S.C. § 1983, the statutory vehicle for remedying constitutional violations in federal court, alleging a deprivation of due process. In order to succeed in a Section 1983 action, a plaintiff must establish that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Townsend v. Vallas,* 256 F.3d 661, 669 (7th Cir. 2001) (citations omitted). The parties do not dispute that the conduct complained of was committed by a state actor; the only question in this case is whether plaintiff was deprived of due process when the City failed to extend to him an offer of employment. Such a claim can only succeed if the claimant possesses a property interest in whatever was withheld. *Moore v. Muncie Police & Fire Merit Com'n,* 312 F.3d 322, 326 (7th Cir. 2002) (citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538 (1985); *Board of Regents v. Roth,* 408 U.S. 564, 576-78 (1972)). In this case, plaintiff can only succeed if he had a property interest in prospective employment with the Fort Wayne Police Department.

4

The Seventh Circuit Court of Appeals, analyzing a similar claim, rejected the argument that a job applicant, possessing only a conditional employment offer, has a property interest in future employment. In *Moore,* the plaintiff had received a conditional offer of employment from the Muncie Fire Department in the State of Indiana. *Id.* at 326. Ultimately, Moore was not hired into the Department, because he did not meet one of the conditions precedent for employment (namely, qualifying for membership in the pension fund by being under age thirty-six). *Id.* Moore sued under Section 1983 claiming a deprivation of due process, but the Seventh Circuit held that Moore had no property interest in prospective employment, which meant his Section 1983 claim failed. *Id.*

This case demands the same outcome. Plaintiff received a conditional offer of employment from the Fort Wayne Police Department, but ultimately was not hired. Because plaintiff has no property interest in prospective employment, his Section 1983 claim fails.

B.   **Plaintiff's Contract Claim**

Plaintiff also claims that the City breached the "contract" (*i.e.*, the Offer) by not offering him a job. Plaintiff argues that he successfully completed the Board of Safety interview by attending and responding honestly to the questions. In support of this argument he claims that he understood the interview to be a *pro forma* event, and that he was never advised that the interview would be used to eliminate candidates from attending the academy. The City contends that the Offer specifically required *successful*

completion of the interview, meaning that the City, through its Board of Safety, would subjectively determine whether a candidate satisfied this condition. In the City's opinion, plaintiff did not successfully complete the interview and therefore was not extended an offer of employment.

A contract can provide that one party is entitled to make a subjective assessment. *Gatto v. St. Richard Sch., Inc.*, 774 N.E.2d 914, 921 (Ind. Ct. App. 2002) (contract terms permitted employer to determine "reasonable cause" for termination); *Ferrell v. Dunescape Beach Club Condos., Phase I, Inc.*, 751 N.E.2d 702, 711 (Ind. Ct. App. 2001) (contract permitted condominium board to determine "reasonableness" of repairs). This is what the parties agreed to in this case when they chose an inherently subjective word like "successful" as part of their contract. The issue is who gets to make the subjective assessment. If the parties in this case wished to make the plaintiff the arbiter of the success or failure of his own interview with the Board of Safety, they had every right to make such an agreement. They could also have designated the Board the decision-maker. Because they did not specify, literally, who determines the "successful" or "unsuccessful" nature of the interview, it is up to the court to determine the parties' intent.

To this end, the intent relevant in contract matters is not the parties' subjective intents but their outward manifestation of it. *Crabtree v. Lee*, 469 N.E.2d 476, 479 (Ind. Ct. App. 1984); *Lunatrex, LLC v. Cafasso,* No. 1:09-CV1272-DFH-DML, 2011 WL 11571, at *4 (S.D. Ind. Jan. 4, 2011). In this case, the only outward manifestation of the parties' intent

is the document at issue in this case, which is entitled "*Conditional* Offer of Probationary Employment." (DE # 1 at 12, Ex. A, emphasis added.) The document refers to numerous hurdles which must be overcome by the candidate in order to receive a job offer from the Department; one of these hurdles is "successful completion of Board of Safety interview." Thus, in both title and text, the document emphasizes that the applicant is not yet an employee and must satisfy certain conditions before being hired. Further, there is no other reasonable way to read the document other than to infer that the Department would be doing the hiring, and that the candidate would be the one hired (or not hired). All of this context suggests, strongly, what is probably obvious to any reader: that the parties intended that the Police Department, through its Board of Safety, would be making the decision regarding whether a candidate like plaintiff "successfully" completed the interview, not that the candidate himself would determine his own success. Indeed, the latter interpretation would render the interview virtually meaningless.

In cases where the parties have contracted to allow one party to make a subjective assessment, "there is no need for resort to a fact-finder's second-guessing." *Gatto,* 774 N.E.2d at 921; *Ferrell,* 751 N.E.2d at 711 (where assessment of reasonableness was within exclusive province of condominium association, there was "no need . . . to proceed with a factual determination on the issue"). Accordingly, the court does not venture into analyzing the wisdom of the City's decision. It is undisputed that the City determined that plaintiff was not successful in completing his Board of Safety interview,

terminated the conditional offer, and did not extend an offer of employment. Given these undisputed facts, no breach of contract occurred.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE # 22) is **GRANTED**, and defendants' motion to strike (DE # 26) is **DENIED** as moot. There being no claims remaining against any defendants, the Clerk is hereby directed to **ENTER FINAL JUDGMENT** in this case stating:

> Judgment is entered in favor of defendants City of Fort Wayne, Rusty York, Matthew Enyart, Frank Casagrande, and Sharon Peters; and against plaintiff Adam M. Firks, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: December 4, 2013

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT